[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This dissolution of marriage action was returnable to the judicial district of New Haven Superior Court on February 17, 1998. The complaint seeks, in addition to the dissolution alimony, custody, reasonable attorney fees, equitable division of the jointly owned personal property and liabilities and such other and different relief as the court deems equitable. Since the return date the parties' oldest child Dhruv Malhotra has attained his majority. The parties second child Khushi was age fifteen at the time of the trial.
The parties were married in New Delhi, India on November 20, 1979. At the time of the parties marriage, the plaintiff was a physician working as a medical officer in a district hospital in India. The defendant had a bachelor's degree and he was a manager for a company in Southeast India. Both parties, in addition to their compensation, received housing and other allowances and benefits. After the marriage the parties had job problems as the plaintiff had left her job voluntarily to be near the defendant and he either lost or left his job. She was unable to get employment as a physician in the area where he lived. She did however, work out of a pharmacy and earned some money during this period of time. She ultimately went back to the district hospital (while the defendant took care of the parties' son). Eventually a second child was born. The defendant's employment situation never normalized in India after the parties' marriage and the defendant came to the United States in 1985 leaving the plaintiff with the two young children. The plaintiff came to the United States in 1988. During the time when he was in the United States he did not send or bring money to her, so she was responsible for the support of the children. When she came to the United States in 1988 she was not able to practice medicine without being licensed and she needed to take courses for that purpose. She testified that he did not give her money for the courses. She started working as a dental assistant. The living quarters which the parties had in Queens, New York was not comfortable compared to the style of life they had enjoyed in India. After some time the CT Page 1156 plaintiff obtained employment at Beth Israel Hospital in New York. While he was working at Beth Israel she testified her husband was laid off two times. In 1994 she started at the Southwest Community Health Center in Bridgeport, Connecticut and the parties moved to Shelton. By the time of trial the plaintiff was employed as a pediatrician with the Children's Medical Associates of Ansonia, Connecticut. The parties moved to the owned residence in Orange, Connecticut in 1996. There is no evidence in the record as to the contribution made toward the acquisition of that residence. It is clear from the evidence of their respective income since they came to the United States that Dr. Malhotra has earned substantially more than Mr. Malhotra. On the other hand she did admit that when he lost a job in New York and was offered one in Florida that she refused to follow him to Florida, in part because she would have had to establish residency there in order to practice her medicine. Another reason was because by that time the marriage was not doing well. Although Mr. Malhotra had assisted in taking care of the family while Dr. Malhotra was doing her early training at Beth Israel, he was otherwise non-supportive of her. He tried to isolate her from family and friends. There were numerous charges back and forth as to the cause of the breakdown of the marriage and as to the fact that each had transferred funds to their family back to India. There is no evidence whatsoever that the plaintiff transferred any funds to India. There is, however, inferentially some evidence that the defendant has transferred some funds to India. On the issue of finances there were numerous inconsistencies in the defendant's story and I find that he was not credible on the issue of finances. Based upon all the evidence it is the conclusion of the court that the defendant is more responsible for the breakdown of the marriage than any acts of the plaintiff of which he complains.
The court finds that it has jurisdiction; that the complaint was served as indicated by the sheriffs return and that the matter has been pending in this court for more than ninety days. The other allegations of the complaint are proved and true including the fact that the marriage is broken down irretrievably. The court will dissolve the marriage based upon that irretrievable breakdown.
The court, in entering its other orders considers the provisions of General Statutes §§ 46b-40, 46b-56, 46b-62,46b-81 and 46b-82 and other statutes relevant to the issues presented. The court enters the following orders: CT Page 1157
1. The court awards joint legal custody of the minor child with principle residence to be with the plaintiff and visitation is to be worked out between the child and her father.
2. The defendant is to pay $75.00 per week child support by immediate wage execution. The court concludes that the plaintiff's annualized income is approximately $116,000 per annum and the defendant's current income is approximately $30,000 per annum and the child support is based upon those figures. (The court notes that the defendant requested neither an order of child support or of custody).
3. Alimony is not awarded to either party.
4. Each parent will provide $45,000 of life insurance on that parent's life and designate the other parent as trustee for the benefit of the minor child, beneficiary of that life insurance as long as the obligation of child support continues.
5. The personal exemption for the minor child is awarded to the wife.
6. The jointly owned property in Orange should be listed for sale on or before May 31, 2002 or earlier at the election of Dr. Malhotra. Until such time Dr. Malhotra shall be awarded exclusive possession of the property. Mr. Malhotra shall vacate the residence within twenty-one days of the date of this order. Dr. Malhotra shall be solely responsible for the mortgage, taxes, insurance and current operating expenses of the house until it's sold. From the proceeds of sale the existing mortgage, real estate commissions and normal adjustments should be paid, the plaintiff shall be reimbursed for the amount of all principle reduction payments of the mortgage made by her after October 1 of 1999, and the balance shall be split 50-50. In the event either party expends any fix-up expenses within sixty days of listing of the property for sale that party shall be reimbursed 100 per cent of the fix-up expenses. If the expenses are more than $500 for any one item such expenses may only be made by agreement of the parties. If the parties are unable to agree as to the terms and conditions of sale the court shall retain jurisdiction to determine the terms and conditions of sale.
7. Each party shall maintain medical insurance for the benefit of the minor child during her minority period. The plaintiff CT Page 1158 shall pay the first $100 per year of unreimbursed medical, dental and like expenses and shall pay 80 percent of any unreimbursed expenses above the $100 per year and the defendant shall pay 20 percent of any unreimbursed expenses. Each party shall keep his or her own retirement plan and IRA and the bank accounts in his or her name except that any balance due to Attorney Parley should be paid from the New Haven Savings account and then the balance of that shall be split 50 percent to Dr. Malhotra and 50 percent to Mr. Malhotra. Other bank accounts should be kept by the party in whose name would control the bank account resides.
8. The plaintiff shall keep the Subaru. Any other vehicles shall be the sole property of the defendant. Each party will be responsible for his or her own fees and any liabilities listed on his or her financial affidavits.
Orders may enter in accordance with the foregoing.
McLachlan, J.